Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6575 | **DATE** | 10/18/2012 |
| **CASE TITLE** | *Shramovich v. Astrue* | | |

**DOCKET ENTRY TEXT**

The Court adopts the magistrate judge's R&R with respect to the plaintiff's motion for attorney's fees under the EAJA [18-1] and awards the plaintiff $7,454.48 in fees and $350 in costs for a total award of $7,804.48.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412(d), and costs under 28 U.S.C. § 1920(1) after this Court remanded her request for disability insurance benefits to the administrative law judge for further review. The motion for fees was referred to the magistrate judge for a report and recommendation ("R&R"). The magistrate judge recommends that the plaintiff's motion be granted in the amount of $7,804.48 ($7,454.48 in fees and $350 in costs). The Social Security Commissioner has filed an objection to the hourly rate of $173.36 for Mr. Jones, an associate of the plaintiff's primary attorney, Charles Binder. For the reasons stated below, the objection is overruled. A *de novo* standard is applied to this Court's review of objections to a Magistrate Judge's findings in a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

The Commissioner contends that the plaintiff has not met her burden of establishing that Mr. Jones is entitled to a full enhancement from the EAJA rate of $125 hour to $173.36 per hour. According to the Commissioner, Mr. Jones is too inexperienced for the enhancement and that his fee request should be reduced by 30%. (Def.'s Obj., Dkt. # 25, at 2) ("Mr. Jones could have been hired just before he drafted this brief, it could be his first job as an attorney, and it could be the first brief that he drafted as an attorney").

The Commissioner's objection is overruled. Mr. Jones worked for eight years as a non-attorney representative appearing before the Social Security Administration at various levels of the appeal process. (R&R, Dkt. # 24, at 3.) In addition, primary counsel, Charles Binder, indicates in his response to the objection that Mr. Jones worked for him as a clerk in Mr. Binder's disability social security practice during the same period. (Pl.'s Resp., Dkt. # 27, at 4-5.) Thus, although Mr. Jones had just passed the bar in November 2010 and drafted the brief in this matter in January 2011, he had significant experience in Social Security cases like the one at hand. Moreover, while not determinative, the Court notes that the plaintiff's counsel cites three other cases in this district (*Longerman v. Astrue,* No. 11 C 383; *Butcher v. Astrue*, 11 C

|**STATEMENT**|
|---|
|5176; *Andrychowski v. Astrue*, 11 C 574) in which the Commissioner did not object to Mr. Jones' rate on the basis of his inexperience.<br><br>    The Court adopts the magistrate judge's R&R with respect to the plaintiff's motion for attorney's fees under the EAJA [18-1] and awards the plaintiff $7,454.48 in fees and $350 in costs for a total award of $7,804.48. The fees are awarded to the plaintiff and she is identified as the payee for purposes of facilitating the Treasury Department's search for possible offsets. *Tadros v. Astrue*, No. 10 C 7074, 2012 WL 965090, at *4 n.2 (N.D. Ill. Mar. 21, 2012). After such a search has been completed, the Commissioner is directed to evaluate the propriety of directing payment (less any offsets) to the plaintiff's attorney pursuant to the assignment between the plaintiff and her counsel.|